JOHN D. KIRBY (CSB 149496)
ATTORNEY AT LAW
1010 Second Avenue, Suite 1850
San Diego, California 92101
(619) 557-0100 (Phone)
(619) 557-0123 (Fax)

Attorney for AURELIANO GUZMAN-RODRIGUEZ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>AURELIANO GUZMAN-RODRIGUEZ,<br><br>　　　　Defendant. | CASE NO. 08 cr 1354-DMS<br><br>POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS FOR<br>　(1) DISCOVERY<br>　(2) LEAVE TO FILE FURTHER MOTIONS<br><br>Date: June 6, 2008<br>Time: 11:00 a.m. |

I.

**THE INDICTMENT**

Mr. Guzman-Rodriguez is charged in a one-count indictment with being an deported alien who was "found in" the United States.

II.

**MR. GUZMAN-RODRIGUEZ IS ENTITLED TO DISCOVERY**

This motion is not limited to those items that the prosecutor knows of, but rather includes all discovery that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies", under United States v. Bryan, 868 F.2d 1032, 1036 (9th Cir. 1989). Mr. Guzman-Rodriguez moves for discovery of the following:

(1)　**Mr. Guzman-Rodriguez' Statements**. Under Fed. R. Crim. P. 16 (a)(1)(A) a defendant is entitled to disclosure of: all copies of any written or recorded statements made by the defendant; the substance of any statements

made by the defendant that the government intends to offer in evidence at trial; any recorded testimony of the defendant before the grand jury; any response by the defendant to interrogation; the substance of any oral statements that the government intends to introduce at trial; any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings that were given to the defendant (See United States v. McElroy, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P.16(a)(1)(A). The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the Government must reveal all of the defendant's statements, whether oral or written, regardless of whether the Government intends to introduce those statements at trial;

(2) **Reports of Scientific Tests or Examinations.** Pursuant to Fed. R. Crim. P.16(a)(1)(D), Mr. Guzman-Rodriguez requests the reports of all tests and examinations conducted upon any evidence in this case. This request includes any financial or other data that has been examined, or tabulated, or otherwise tested;

(3) **Brady Material.** Mr. Guzman-Rodriguez requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Brady v. Maryland, 373 U.S. § 83 (1963). Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

(4) **Any Information that May Result in a Lower Sentence under the United States Sentencing Guidelines (U.S.S.G.).** As discussed above, this information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). This

request includes any information that could affect any base offense level or specific offense characteristic under Chapter Two of the U.S.S.G. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the U.S.S.G.;

    (5)    **The Defendant's Prior Record.** Evidence of prior record is available pursuant to Fed. R. Crim. P.16(a)(1)(B);

    (6)    **Any Proposed 404(b) Evidence.** Evidence of prior similar acts is discoverable under Fed. R. Crim. P.16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. Mr. Guzman-Rodriguez requests that such notice be given eight weeks before trial in order to give the defense time to adequately investigate and prepare for trial;

    (7)    **Evidence Seized.** Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P.16(a)(1)(C);

    (8)    **Request for Preservation of Evidence.** Mr. Guzman-Rodriguez specifically requests that any physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relates to the prosecution in this case be preserved. This request includes, but is not limited to, any "dispatch" or other tapes, samples used to run any scientific tests, and any evidence seized from any third party. It is requested that the government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, including disputed tapes, and if it does exist, to inform those parties to preserve any such evidence;

(9) **Tangible Objects.** Mr. Guzman-Rodriguez requests, under Fed. R. Crim. P. 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs, of building or places or copies of portions thereof that are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant;

(10) **Evidence of Bias or Motive to Lie.** Mr. Guzman-Rodriguez requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988). Such evidence can include prior statements, business dealings, or actions;

(11) **Impeachment Evidence.** Mr. Guzman-Rodriguez requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under Brady v. Maryland, supra. See, United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility);

(12) **Evidence of Criminal Investigation of Any Government Witness.** Mr. Guzman-Rodriguez requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.) cert. denied, 474 U.S. 945 (1985);

(13) **Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling.** Mr. Guzman-Rodriguez requests any

evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired. Mr. Guzman-Rodriguez also requests any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

(14) **Witness Addresses.** Mr. Guzman-Rodriguez requests the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175,1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). Mr. Guzman-Rodriguez also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984);

(15) **Name of Witnesses Favorable to the Defendant.** Mr. Guzman-Rodriguez requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164,1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980);

(16) **Statements Relevant to the Defense.** Mr. Guzman-Rodriguez requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982);

1          (17)   **Jencks Act Material.**  The defense requests pre-trial production of
2   all Jencks material to expedite cross-examination and to avoid lengthy recesses
3   during trial.  Mr. Guzman-Rodriguez asserts that a verbal acknowledgment that
4   "rough" notes constitute an accurate account of the witness' interview is
5   sufficient for the report or notes to qualify as a statement under §3500(e)(1).
6   Campbell v. United States, 373 U.S. 487, 490-92 (1963).  In United States v.
7   Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent
8   goes over interview notes with the subject of the interview the notes are then
9   subject to the Jencks Act;
10         (18)   **Giglio Information.**  Pursuant to Giglio v. United States, 405 U.S.
11  150 (1972), Mr. Guzman-Rodriguez requests all statements and/or promises,
12  express or implied, made to any government witnesses, in exchange for their
13  testimony or other assistance in this case, and all other information that could
14  arguably be used for the impeachment of any government witnesses;
15         (19)   **Personnel Records of Government Officers.**  Mr. Guzman-
16  Rodriguez requests all citizen complaints and other related internal affairs
17  documents involving any of the law enforcement officers who were involved in
18  the investigation of him, pursuant to Pitchess v. Superior Court, 11 Cal. 3d 531,
19  539 (1974).  Because of the sensitive nature of these documents, defense counsel
20  will not be able to procure them from any other source;
21         (20)   **Government Examination of Law Enforcement Personnel Files.**
22  Mr. Guzman-Rodriguez requests that the government examine the personnel
23  files and any other files within its custody, care or control, or which could be
24  obtained by the government, for all testifying witnesses, including testifying
25  officers.  Mr. Guzman-Rodriguez requests that these files be reviewed by the
26  government attorney for evidence of perjurious conduct or other like
27  dishonesty, or any other material relevant to impeachment, or any information
28

that is exculpatory, pursuant to its duty under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). The obligation to examine files arises by virtue of the defense making a demand for their review: The Ninth Circuit in Henthorn remanded for in camera review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory prior to trial;

21.    **Notice and a Written Summary of Any Expert Testimony**

Under Rule 16(a)(1)(E), "[a]t the defendant's request, the government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary must describe the witness' opinions, the basis and the reasons therefore, and the witness' qualifications." Mr. Guzman-Rodriguez specifically requests the government give them a written summary and notice of any expert testimony that the government intends to introduce. This request includes any government agent who will testify to any opinion.

22.    **Defendant's "A" File.**

Mr. Guzman-Rodriguez also specifically requests that the government be ordered to give the defense access to his government "A" file, which will almost certainly contain evidence that is material to Mr. Guzman-Rodriguez' defense in this matter. Fed. R. Crim. P. 16(a)(2)(C).

//
//
//
//

II.

LEAVE TO FILE FURTHER MOTIONS

Discovery in this matter is currently incomplete. Counsel for Mr. Guzman-Rodriguez requests leave to file further motions as appropriate in this matter.

IV.

**CONCLUSION**

Mr. Guzman-Rodriguez asks this Court to grant his motion for discovery, and also grant him leave to file further motions as needed.

Dated:   May 29, 2008                    Respectfully submitted,

JOHN D. KIRBY


   /S/ JOHN D. KIRBY
Attorney for Defendant AURELIANO GUZMAN-RODRIGUEZ