KAREN P. HEWITT
United States Attorney
AARON B. CLARK
Assistant U.S. Attorney
California State Bar No. 239764
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6787/(619) 235-2757 (Fax)
Email: aaron.clark@usdoj.gov
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>AURELIANO GUZMAN-RODRIGUEZ,<br><br>　　　　　　　Defendant(s). | Criminal Case No. 08CR1354DMS<br><br>DATE:　　　June 6, 2008<br>TIME:　　　11:00 a.m.<br>Before Honorable Dana M. Sabraw<br><br>UNITED STATES' RESPONSE TO<br>DEFENDANT'S MOTIONS FOR:<br><br>(1)　DISCOVERY<br>(2)　LEAVE TO FILE FURTHER<br>　　　MOTIONS<br><br>TOGETHER WITH STATEMENT OF<br>FACTS AND MEMORANDUM<br>OF POINTS AND AUTHORITIES |

　　　　　COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Aaron B. Clark, Assistant U.S. Attorney, and hereby files its Response to Defendant's Motions in the above-referenced case. Said Response is based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

1      DATED: May 30, 2008.

2                                    Respectfully submitted,

3                                    KAREN P. HEWITT
                                     United States Attorney

4

5                                    s/ Aaron B. Clark
                                     AARON B. CLARK

6                                    Assistant United States Attorney

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                   2

1  KAREN P. HEWITT
   United States Attorney
2  AARON B. CLARK
   Assistant U.S. Attorney
3  California State Bar No. 239764
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6787/(619) 235-2757 (Fax)
   Email: aaron.clark@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10                              )  Criminal Case No. 08CR1354DMS
   UNITED STATES OF AMERICA,    )
11                              )  DATE:        June 6, 2008
                      Plaintiff, )  TIME:        11:00 a.m.
12                              )  Before Honorable Dana M. Sabraw
            v.                  )
13                              )
   AURELIANO GUZMAN-RODRIGUEZ,  )  UNITED  STATES'  STATEMENT  OF
14                              )  FACTS  AND  MEMORANDUM  OF
                 Defendant(s).  )  POINTS AND AUTHORITIES
15 ─────────────────────────── )

16

17                              **I**

18                   **STATEMENT OF THE CASE**

19        The Defendant, Aureliano Guzman-Rodriguez (hereinafter "Defendant"), was charged by

20  a grand jury on April 30, 2008 with violating Title 8 U.S.C. 1326(a) and (b), Deported Alien Found

21  in the United States.  Defendant was arraigned on the Indictment on May 1, 2008, and entered a

22  plea of not guilty.

23  //

24  //

25  //

26  //

27

28                              3

## II

## STATEMENT OF FACTS

**A.     IMMIGRATION HISTORY**

Defendant is a Mexican citizen who was ordered deported after a hearing before an immigration judge on March 6, 1997.  Defendant was subsequently removed from the United States at that time.

**B.     RAP SHEET SUMMARY CHART**

| CONVICT DATE | COURT OF CONVICTION | CHARGE | TERM |
|---|---|---|---|
| 7/5/2006 | CASC Stanislaus | VC 23152(A) – DUI Alcohol/Drugs | 7 days |
| 8/23/1994 | CASC Los Angeles | PC 245(A)(2) – Assault w/ Firearm on Person | 5 years |

**C.     INSTANT OFFENSE**

On April 4, 2008, Border Patrol Agents Patrick Campbell and Rocco Rauseo were working their assigned linewatch duties in an area near Dulzura, California.  At approximately 7 p.m. they were driving along Lyons Valley Road when they observed to individuals walking along the road about one-half mile east of the intersection with Honey Springs Road and Skyline Truck Trail. This area is approximately nine and a half miles north of the International Border with Mexico, and approximately 12 miles east of the Otay Mesa, California, Port of Entry.  The agents observed the two men to be haggard and dirty, as though they had been walking through the brush.

Upon questioning, both men, one of whom was Defendant, admitted to being citizens and nationals of Mexico with documents allowing them to be in the United States legally.  Defendant was placed under arrest and brought to the Brown Field Station for processing.

At the station, Defendant elected to invoke his <u>Miranda</u> rights.

//

//

4

### III

### POINTS AND AUTHORITIES

**A.    DISCOVERY REQUESTS AND MOTION TO PRESERVE EVIDENCE**

**1.    The Government Has or Will Disclose Information Subject To Disclosure Under Rule 16(a)(1)(A) and (B) Of The Federal Rules Of Criminal Procedure**

The government has disclosed, or will disclose well in advance of trial, any statements subject to discovery under Fed. R. Crim. P. 16(a)(1)(A) (substance of Defendant's oral statements *in response to government interrogation*) and 16(a)(1)(B) (Defendant's relevant written or recorded statements, written records containing substance of Defendant's oral statements *in response to government interrogation*, and Defendant's grand jury testimony).

a.    The Government Will Comply With Rule 16(a)(1)(D)

To the extent he has a criminal record, Defendant has already been provided with his or her own "rap" sheet and the government will produce any additional information it uncovers regarding Defendant's criminal record.  Any subsequent or prior similar acts of Defendant that the government intends to introduce under Rule 404(b) of the Federal Rules of Evidence will be provided, along with any accompanying reports, at a reasonable time in advance of trial.

b.    The Government Will Comply With Rule 16(a)(1)(E)

The government will permit Defendant to inspect and copy or photograph all books, papers, documents, data, photographs, tangible objects, buildings or places, or portions thereof, that are material to the preparation of Defendant's defense or are intended for use by the government as evidence-in-chief at trial or were obtained from or belong to Defendant.

Reasonable efforts will be made to preserve relevant physical evidence which is in the custody and control of the investigating agency and the prosecution, with the following exceptions: drug evidence, with the exception of a representative sample, is routinely destroyed after 60 days, and vehicles are routinely and periodically sold at auction.  Records of radio

5

1    transmissions, if they existed, are frequently kept for only a short period of time and may no

2    longer be available.  Counsel should contact the Assistant United States Attorney assigned to

3    the case two weeks before the scheduled trial date and the Assistant will make arrangements

4    with the case agent for counsel to view all evidence within the government's possession.

5                    c.     The Government Will Comply With Rule 16(a)(1)(F)

6            The government will permit Defendant to inspect and copy or photograph any results or

7    reports of physical or mental examinations, and of scientific tests or experiments, or copies

8    thereof, that are within the possession of the government, and by the exercise of due diligence

9    may become known to the attorney for the government and are material to the preparation of

10   the defense or are intended for use by the government as evidence-in-chief at the trial.  Counsel

11   for Defendant should contact the Assistant United States Attorney assigned to the case and the

12   Assistant will make arrangements with the case agent for counsel to view all evidence within

13   the government's possession.

14
                     d.     The Government Will Comply With Its Obligations Under Brady v.
15                          Maryland
            The government is well aware of and will fully perform its duty under Brady v.
16
     Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), to disclose
17
     exculpatory evidence within its possession that is material to the issue of guilt or punishment.
18
     Defendant, however, is not entitled to all evidence known or believed to exist that is, or may
19
     be, favorable to the accused, or that pertains to the credibility of the government's case.  As
20
     stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that:
21
             [T]he prosecution does not have a constitutional duty to disclose every bit of
22           information that might affect the jury's decision; it need only disclose
             information favorable to the defense that meets the appropriate standard of
23           materiality.

24   611 F.2d at 774-775 (citations omitted).  See also United States v. Sukumolachan, 610 F.2d

25   685, 687 (9th Cir. 1980) (the government is not required to create exculpatory material that

26

27

28                                                   6

1   does not exist); United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976) (Brady does not

2   create any pretrial privileges not contained in the Federal Rules of Criminal Procedure).

3                    e.    Discovery Regarding Government Witnesses

4                         (1)    Agreements.  The government has disclosed or will disclose the

5   terms of any agreements by Government agents, employees, or attorneys with witnesses that

6   testify at trial.  Such information will be provided at or before the time of the filing of the

7   Government's trial memorandum.[1]  The government will comply with its obligations to

8   disclose impeachment evidence under Giglio v. United States, 405 U.S. 150 (1972).

9                         (2)    Bias or Prejudice.  The government has provided or will provide

10  information related to the bias, prejudice or other motivation to lie of government trial

11  witnesses as required in Napue v. Illinois, 360 U.S. 264 (1959).

12                        (3)    Criminal Convictions.  The government has produced or will

13  produce any criminal convictions of government witnesses plus any *material* criminal acts

14  which did not result in conviction.  The government is not aware that any prospective witness

15  is under criminal investigation.

16                        (4)    Ability to Perceive.  The government has produced or will

17  produce any evidence that the ability of a government trial witness to perceive, communicate or

18  tell the truth is impaired or that such witnesses have ever used narcotics or other controlled

19  substances, or are alcoholics.

20                        (5)    Witness List.  The government will endeavor to provide

21  Defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the

22  government's trial memorandum is filed, although delivery of such a list is not required.  See

23  United States v. Dischner, 960 F.2d 870 (9th Cir. 1992); United States v. Culter, 806 F.2d  933,

24

25  [1]    As with all other offers by the government to produce discovery earlier than it is required
    to do so, the offer is made without prejudice.  If, as trial approaches, the government is not prepared
26  to make early discovery production, or if there is a strategic reason not to do so as to certain
    discovery, the government reserves the right to withhold the requested material until the time it
27  is required to be produced pursuant to discovery laws and rules.

28                                              7

936 (9th Cir. 1986); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987). Defendant,
however, is not entitled to the production of addresses or phone numbers of possible
government witnesses. See United States v. Thompson, 493 F.2d 305, 309 (9th Cir. 1977),
cert. denied, 419 U.S. 834 (1974). Defendant has already received access to the names of
potential witnesses in this case in the investigative reports previously provided to him or her.

(6)    Witnesses Not to Be Called. The government is not required to
disclose all evidence it has or to make an accounting to Defendant of the investigative work it
has performed. Moore v. Illinois, 408 U.S. 786, 795 (1972); see United States v. Gardner,
611 F.2d 770, 774-775 (9th Cir. 1980). Accordingly, the government objects to any request by
Defendant for discovery concerning any individuals whom the government does not intend to
call as witnesses.

(7)    Favorable Statements. The government has disclosed or will
disclose the names of witnesses, if any, who have made favorable statements concerning
Defendant which meet the requirements of Brady.

(8)    Review of Personnel Files. The government has requested or
will request a review of the personnel files of all federal law enforcement individuals who will
be called as witnesses in this case for Brady material. The government will request that
counsel for the appropriate federal law enforcement agency conduct such review. United
States v. Herring, 83 F.3d 1120 (9th Cir. 1996); see, also, United States v. Jennings, 960 F.2d
1488, 1492 (9th Cir. 1992); United States v. Dominguez-Villa, 954 F.2d 562 (9th Cir. 1992).

Pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and United States v.
Cadet, 727 F.2d 1452 (9th Cir. 1984), the United States agrees to "disclose information
favorable to the defense that meets the appropriate standard of materiality . . ." United States v.
Cadet, 727 F.2d at 1467, 1468. Further, if counsel for the United States is uncertain about the
materiality of the information within its possession in such personnel files, the information will
be submitted to the Court for in camera inspection and review.

1    (9)    <u>Government Witness Statements.</u>  Production of witness

2    statements is governed by the Jencks Act, 18 U.S.C. § 3500, and need occur only after the

3    witness testifies on direct examination. <u>United States v. Taylor</u> , 802 F.2d 1108, 1118 (9th Cir.

4    1986); <u>United States v. Mills</u>, 641 F.2d 785, 790 (9th Cir. 1981)).  Indeed, even material

5    believed to be exculpatory and therefore subject to disclosure under the <u>Brady</u> doctrine, if

6    contained in a witness statement subject to the Jencks Act, need not be revealed until such time

7    as the witness statement is disclosed under the Act.  <u>See</u> <u>United States v. Bernard</u>, 623 F.2d

8    551, 556-57 (9th Cir. 1979).

9    The government reserves the right to withhold the statements of any particular

10    witnesses it deems necessary until after the witness testifies.  Otherwise, the government will

11    disclose the statements of witnesses at the time of the filing of the government's trial

12    memorandum, provided that defense counsel has complied with Defendant's obligations under

13    Federal Rules of Criminal Procedure 12.1, 12.2, and 16 and 26.2 and provided that defense

14    counsel turn over all "reverse <u>Jencks</u>" statements at that time.

15
16    f.    The Government Objects To The Full Production Of Agents'
      Handwritten <u>Notes At This Time</u>

17    Although the government has no objection to the preservation of agents' handwritten

18    notes, it objects to requests for full production for immediate examination and inspection.  If

19    certain rough notes become relevant during any evidentiary proceeding, those notes will be

20    made available.

21    Prior production of these notes is not necessary because they are not "statements"

22    within the meaning of the Jencks Act unless they comprise both a substantially verbatim

23    narrative of a witness' assertions *and* they have been approved or adopted by the witness.

24    <u>United States v. Spencer</u>, 618 F.2d 605, 606-607 (9th Cir. 1980); <u>see</u> <u>also</u> <u>United States v.</u>

25    <u>Griffin</u>,  659 F.2d 932, 936-938 (9th Cir. 1981).

26    g.    <u>All Investigatory Notes and Arrest Reports</u>

27

28    9

1    The government objects to any request for production of all arrest reports, investigator's

2    notes, memos from arresting officers, and prosecution reports pertaining to Defendant.  Such

3    reports, except to the extent that they include <u>Brady</u> material or the statements of Defendant,

4    are protected from discovery by Rule 16(a)(2) as "reports . . . made by . . . Government agents

5    in connection with the investigation or prosecution of the case."

6        Although agents' reports may have already been produced to the defense, the

7    government is not required to produce such reports, except to the extent they contain <u>Brady</u> or

8    other such material.  Furthermore, the government is not required to disclose all evidence it has

9    or to render an accounting to Defendant of the investigative work it has performed.  <u>Moore v.</u>

10   <u>Illinois,</u>  408 U.S. 786, 795 (1972); <u>see</u> <u>United States v. Gardner</u>, 611 F.2d 770, 774-775 (9th

11   Cir. 1980).

12                    h.    <u>Expert Witnesses</u>.

13       Pursuant to Fed. R. Crim. P. 16(a)(1)(G), at or about the time of filing its trial

14   memorandum, the government will provide the defense with notice of any expert witnesses the

15   testimony of whom the government intends to use under Rules 702, 703, or 705 of the Fed. R.

16   of Evidence in its case-in-chief.  Such notice will describe the witnesses' opinions, the bases

17   and the reasons therefor, and the witnesses' qualifications.  Reciprocally, the government

18   requests that the defense provide notice of its expert witnesses pursuant to Fed. R. Crim. P.

19   16(b)(1)(C).

20                    i.    <u>Information Which May Result in Lower Sentence</u>.

21       Defendant has claimed or may claim that the government must disclose information

22   about any cooperation or any attempted cooperation with the government as well as any other

23   information affecting Defendant's sentencing guidelines because such information is

24   discoverable under <u>Brady v. Maryland</u>.  The government respectfully contends that it has no

25   such disclosure obligations under <u>Brady</u>.

26

27

28                                        10

The government is not obliged under <u>Brady</u> to furnish a defendant with information which he already knows.  <u>United States v. Taylor</u>, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986), <u>cert. denied</u>, 479 U.S. 1094 (1987); <u>United States v. Prior</u>, 546 F.2d 1254, 1259 (5th Cir. 1977). <u>Brady</u> is a rule of disclosure.  There can be no violation of <u>Brady</u> if the evidence is already known to Defendant.

 Assuming that Defendant did not already possess the information about factors which might affect their respective guideline range, the government would not be required to provide information bearing on Defendant's mitigation of punishment until after Defendant's conviction or plea of guilty and prior to his sentencing date.  "No [<u>Brady</u>] violation occurs if the evidence is disclosed to the defendant at a time when the disclosure remains of value." <u>United States v. Juvenile Male</u>, 864 F.2d 641 (9th Cir. 1988).

**B.    THE GOVERNMENT DOES NOT OPPOSE LEAVE TO FILE FURTHER MOTIONS SO LONG AS THEY ARE BASED ON NEW EVIDENCE**

The Government does not object to the granting of leave to file further motions as long as the order applies equally to both parties and any additional defense motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion.

//

//

//

//

//

//

//

**V.**

**CONCLUSION**

11

1            For the foregoing reasons, the Government respectfully requests that Defendant's

2 motions, except where unopposed, be denied.

3            DATED: May 30, 2008.

4                                       Respectfully submitted,

5                                       KAREN P. HEWITT
                                      United States Attorney

6

7                                     s/ Aaron B. Clark
                                    AARON B. CLARK

8                                     Assistant United States Attorney

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

UNITED STATES DISTRICT COURT

2

SOUTHERN DISTRICT OF CALIFORNIA

3

UNITED STATES OF AMERICA,

Case No. 08CR1354DMS

4

Plaintiff

5

CERTIFICATE OF SERVICE

v.

6

AURELIANO GUZMAN-RODRIGUEZ,

7

Defendant(s).

8

9

IT IS HEREBY CERTIFIED THAT:

10

       I, AARON B. CLARK, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

11

12

       I am not a party to the above-entitled action. I have caused service of UNITED STATES' RESPONSE on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

13

14

       1. John Kirby

15

       I declare under penalty of perjury that the foregoing is true and correct.

16

       Executed on May 30, 2008.

17

                      s/ Aaron B. Clark

18

                      AARON B. CLARK

19

20

21

22

23

24

25

26

27

28